# Illinois Official Reports

## Appellate Court

---

### *People v. Lilly*, 2018 IL App (3d) 150855

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VENUS M. LILLY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0855 |
| Filed | May 4, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-CF-0321; the Hon. Sarah F. Jones, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Dimitri Golfis, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Patrick Delfino, Lawrence M. Bauer, and Diane L. Campbell, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Wright concurred in the judgment and opinion.
Justice McDade dissented, with opinion.

# OPINION

¶ 1    Defendant, Venus M. Lilly, appeals following her conviction for aggravated battery. She argues that the circuit court incorrectly admonished the venire under Illinois Supreme Court Rule 431(b) (eff. July 1, 2012), and that she is entitled to a new trial under the plain error doctrine because the evidence was closely balanced. We affirm.

¶ 2                                                    FACTS

¶ 3    The State charged defendant with a single count of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2014)). The indictment alleged that defendant made contact of an insulting and provoking nature with Jason Mitchem, knowing Mitchem to be a peace officer performing his official duties.

¶ 4    Jury selection commenced on September 28, 2015. During that process, the court posed the following question to the potential jurors:

> "Do you understand and accept the following, that a person accused of a crime is presumed to be innocent of the charges against him or her, and the presumption of innocence stays with the Defendant throughout the trial and is not overcome unless from all the evidence you believe the State has proved his or her guilt beyond a reasonable doubt?"

Each potential juror, proceeding one-at-a-time, responded "Yes." The court then asked the following:

> "Do you understand and accept the following, that the State has the burden of proving the Defendant's guilt beyond a reasonable doubt? The Defendant does not have to prove his innocence, does not have to present any evidence on his or her own behalf. Do you have any disagreement with those principles of law?"

Each potential juror, again individually, responded "No."

¶ 5    Following the trial, the jury found defendant guilty of aggravated battery. The court sentenced defendant to a 30-month term of probation. This appeal follows.

¶ 6                                                 ANALYSIS

¶ 7    Defendant argues that the circuit court incorrectly admonished potential jurors under Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). More specifically, defendant asserts that it was error for the court to ask whether the potential jurors had any disagreement with certain principles immediately after asking if they understood and accepted those principles. Admitting that she failed to preserve the error, defendant requests that this court review for plain error. She maintains that remand for a new trial is appropriate because the evidence at trial was closely balanced.

¶ 8    The doctrine of plain error provides a limited exception to the general rule of forfeiture. *People v. Herron*, 215 Ill. 2d 167, 177 (2005). The first step in any plain error analysis is to determine whether a clear or obvious error occurred. See *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 9    Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) provides the following:

"The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that if a defendant does not testify it cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's decision not to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section."

¶ 10    In *People v. Wilmington*, 2013 IL 112938, ¶ 28, the circuit court explained the Rule 431(b) principles to the venire, then inquired whether any member " 'disagree[d] with this fundamental principle of law?' " The supreme court found that question insufficient under Rule 431(b), writing: "While it may be arguable that the court's asking for disagreement, and getting none, is equivalent to juror *acceptance* of the principles, the trial court's failure to ask jurors if they *understood* the four Rule 431(b) principles is error in and of itself." (Emphases in original.) *Id.* ¶ 32. Notably, the court's ruling was not that the circuit court had erred in asking if the potential jurors disagreed with the Rule 431(b) principles. Indeed, the court opined that asking about disagreement could be tantamount to asking about acceptance. The reversible error in that case was that the circuit court never also inquired as to whether the members of the venire *understood* the principles.

¶ 11    In the present case, the circuit court explicitly asked the potential jurors whether they understood and accepted each of the Rule 431(b) principles. See *supra* ¶ 4. That fact immediately distinguishes this case from *Wilmington*. In the simplest terms, Rule 431(b) requires the circuit court to ask members of the venire whether they "understand[ ] and accept[ ]" certain principles, and the circuit court here asked exactly that.

¶ 12    We must next consider whether the second paragraph of Rule 431(b) was satisfied by the court's method of questioning. That portion of the rule provides that "[t]he court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Ill. S. Ct. R. 431(b) (eff. July 1, 2012). The record shows that the circuit court divided the Rule 431(b) principles into two separate inquiries. After asking if the potential jurors understood and accepted the principles, the circuit court twice gave those potential jurors an opportunity to respond individually. Given the opportunity to speak and respond to the court's inquiries, no juror indicated that he or she did not understand the principles or did not accept the principles. Accordingly, we find that the circuit court did not commit error under Rule 431(b).

¶ 13    In coming to this conclusion, we acknowledge that the circuit court, in its second inquiry, added the additional question "Do you have any disagreement with those principles of law?" before inviting the individual venire members to respond. Defendant maintains that this question "did not comply with Rule 431(b)" and was a clear error under *Wilmington*. As we

have pointed out, however, *Wilmington* stands only for the proposition that asking about disagreement is not an adequate *substitute* for asking about both understanding and acceptance under Rule 431(b). See *supra* ¶ 10. In other words, while the rule mandates that the court ask two questions of the venire, it cannot be read to proscribe any additional questions.

¶ 14    Defendant also argues that the fact that each potential juror responded to the court's final set of inquiries with "No" indicates that they were answering the "do you have any disagreement" question rather than the "do you understand and accept" question. She asserts that "Rule 431(b) requires[ ] an answer affirming that [the potential jurors] understood and accepted" the principles.

¶ 15    Initially, we find no support for defendant's assertion that the response to a Rule 431(b) *voir dire* must be in the affirmative. For example, a court that asked the question, "does any member of the venire not understand and accept those principles?" would be seeking responses in the negative, but would still be in compliance with the rule. It would be imprudent to find error based solely upon the syntactical structure of a circuit court's questions. Further, we do not find that the potential jurors' response of "No" undermines the circuit court's Rule 431(b) compliance in this case. The circuit court asked the potential jurors three questions: whether they understood the principles, whether they accepted them, and whether they had any disagreement with them. That the disagreement question was posed last in the series does not negate the previous two questions. Each potential juror was given an opportunity to respond, having heard each question, and not one registered any misunderstanding or nonacceptance. As our supreme court has stated, "the rule requires an opportunity for a response from each prospective juror on their understanding and acceptance of those principles." *People v. Thompson*, 238 Ill. 2d 598, 607 (2010). The prospective jurors in the instant case were provided precisely that opportunity.

¶ 16                                CONCLUSION

¶ 17    The judgment of the circuit court of Will County is affirmed.


¶ 18    Affirmed.


¶ 19    JUSTICE McDADE, dissenting:

¶ 20    The majority holds that the circuit court did not err in the delivery of the Rule 431(b) admonishments, finding that each potential juror was asked the required questions and provided an opportunity to respond. I would find, however, that the "opportunity to respond" requirement of Rule 431(b) was not satisfied here, as the jurors merely indicated that they had no disagreement with the Rule 431(b) principles, rather than indicating understanding and acceptance. I therefore respectfully dissent.

¶ 21    Rule 431(b) places multiple requirements on the circuit court during the *voir dire* portion of a trial. First, the court must "ask each potential juror, individually or in a group, whether that juror understands and accepts" each of the four delineated principles of law. Ill. S. Ct. R. 431(b) (eff. July 1, 2012). The rule also requires that the court "provide each juror an opportunity to respond to specific questions concerning [those] principles." *Id.* In requiring that the potential jurors be given the opportunity to respond, the rule reflects the commonsense

notion that the asking of a question by the circuit court is completely meaningless unless there is a response to that question.

¶ 22 The circuit court's first inquiry was compliant with the rule—the judge asked if the jurors understood and accepted specific 431(b) principles.[1] In the second part of the court's delivery (see *supra* ¶ 4), the court asked the venire whether it understood and accepted the principle that a defendant does not have to prove his innocence or offer any evidence on his own behalf. Then, apparently without pause, the court asked if the potential jurors had "any disagreement with those principles of law." The potential jurors, faced with two completely different questions, all replied in the negative. And we, quite simply, do not know which question they were answering.

¶ 23 We may *assume*, as the majority apparently has, that the potential jurors, in answering "no" following the court's series of questions, were actually answering the final question, indicating that they had no disagreement with the principles of law in question. Indeed, it is not *un*reasonable to assume that when faced with multiple questions, the venire answered the question posed more recently. But even that assumption cannot cure the real problem. The supreme court made clear in *Wilmington* that a question regarding the venire's agreement or disagreement does not satisfy Rule 431(b). *Wilmington*, 2013 IL 112938, ¶ 32. It follows that the venire's response to such a question must also be insufficient. At best, that response could suggest that the potential jurors *accept* the stated principles. However, it sheds no light on whether they *understand* the principles. As a result, it cannot be determined on the record before us whether each person on defendant's jury both understood and accepted that defendant was under no obligation to present evidence on her own behalf.

¶ 24 Of even greater concern is the possibility that some of the potential jurors, in answering "no" after the series of questions, were actually responding to the court's *first* question. In that case, those potential jurors would be affirmatively indicating that they either did not understand or did not accept (or both) the principles. Of course, because the court's method of questioning prevents us from knowing exactly what question individual venire members were responding to, we cannot determine whether any person of defendant's jury either did not understand or did not accept the principle that defendant was under no obligation to present evidence on her own behalf. Surely an "opportunity to respond" that does not actually make clear whether the potential jurors understood and accepted the Rule 431(b) principles is insufficient.

¶ 25 I concede that laws are sometimes complex, often replete with nuance and uncertainty. Rule 431(b), however, is not rocket science. It merely requires the court to ask the venire a series of yes-or-no questions that are actually spelled out in the rule. The simplicity of executing the rule's requirements reflects its critical importance in our adversarial process. It was "designed to ensure that the defendant has a fair and impartial jury—a jury that understands and accepts four important constitutional principles." *People v. Sebby*, 2017 IL 119445, ¶ 67. Given the importance of the rule and the ease with which it can be satisfied, it is confounding that trial judges continue to get it wrong.

---

[1] I would note that the circuit court never even referenced the fourth Rule 431(b) principle, "that if a defendant does not testify it cannot be held against him or her." Ill. S. Ct. R. 431(b) (eff. July 1, 2012). Defendant, who actually did testify at trial, does not raise this as a contention of error on appeal.

¶ 26    Having found error, I would proceed to a closely-balanced analysis pursuant to defendant's plain error argument. Defendant was charged with making contact of an insulting or provoking nature with Officer Mitchem. The evidence at trial showed that defendant placed a 911 call at 11:31 p.m., claiming that her son was threatening to commit suicide. Four officers, including Mitchem, testified that they kicked in defendant's door and entered the home with guns drawn after receiving no response to their knocks. The kicked door struck defendant's daughter, Charlotte, which upset defendant. Four officers, including Mitchem, testified that defendant struck or shoved Mitchem in the chest, at which point he took her to the floor.

¶ 27    Charlotte testified that after she was struck by the door, her mother was concerned and attempted to come to Charlotte's aide. Mitchem prevented her from doing so and took defendant to the floor. Charlotte testified that she never saw defendant strike Mitchem. Defendant testified that she was in her bedroom when she heard a loud crashing noise. She left her bedroom and saw her daughter on the floor with a wound on her head. Defendant tried to rush to Charlotte's aide, but Mitchem cut her off. Defendant testified that Mitchem took her to the ground and handcuffed her. She denied ever striking Mitchem. Photographs introduced at trial showed a wound on Charlotte's head and bruising around defendant's eye.

¶ 28    The case is thus a quintessential credibility contest. In *People v. Naylor*, 229 Ill. 2d 584, 607 (2008), our supreme court held that such a credibility contest is necessarily closely balanced, writing: "Given these opposing versions of events, and the fact that no extrinsic evidence was presented to corroborate or contradict either version, the trial court's finding of guilty necessarily involved the court's assessment of the credibility of the two officers against that of defendant." In this case, no extrinsic evidence was presented that tended to show defendant struck Mitchem. Nor did any witness suffer a particular credibility issue, other than those attendant to any criminal trial. Accordingly, I would find the evidence in this case closely balanced, vacate defendant's conviction for aggravated battery based on the court's Rule 431(b) error, and remand for further proceedings.